## IN RE VOLKMANN.

PATENTS; PATENTABILITY; INVENTION; ANTICIPATION.

1. There is no invention in adding, in a stem-setting timepiece, a setting mechanism such as is shown in one patent, to the clock mechanism as shown in another patent.

2. The insertion of an additional gear and pinion wheel in a train of such wheels arranged to transmit motion is not invention.

3. Although the specific detail claimed in an application for an improvement in a stem-setting timepiece, of gears connecting the pinion of the minute-hand with the second-hand, does not appear in a reference cited as anticipating the alleged invention, where it is apparent that no more is required than the skill of a mechanic familiar with clock and watch making to provide the needed pinions and gears of proper size and the necessary number of teeth, arranged in relation to each other, so as to include the mechanism within the desired dimensions, —there is no invention.

No. 379. Patent Appeals. Submitted November 19, 1906. Decided December 4, 1906.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting an application for a patent.        *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Perry B. Turpin* and *Messrs. Munn & Co.* for the appellant.

*Mr. Fairfax Bayard* for the Commissioner of Patents.

Mr. Justice McComas delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents refusing to issue a patent to the appellants, Martin A. Volkmann and William O. Truax, upon certain alleged improvements in timepieces. The appellants' specification states that the alleged invention relates to watches, clocks, and like timepieces, and its object is to provide certain new and useful improvements in timepieces, whereby the second-hand can be set from the stem and at any point desired, and the second-hand agrees at all times with the minute-hand. The appellants have set forth so much of the structure shown and described as, in their view, constitutes their alleged invention, in seven claims. Each of the three tribunals of the Patent Office has rejected the claims, deciding that none of them involve patentable invention in view of the state of the art. The seven claims are as follows:

"1. In a stem-setting timepiece, the combination of a gear-wheel forming a part of a dial train, a minute-hand arbor, a pinion secured on said arbor and meshing with the gear-wheel of the dial train, an arbor, a pinion loose on the arbor and carrying a gear-wheel, a second pinion on the arbor, and carrying a second-hand, an intermediate gear meshing with the first-named pinion of the said arbor and the pinion of the minute-hand arbor, and a loosely-mounted pinion meshing with the gear-wheel carried by the pinion on the second arbor and carrying a gear-wheel meshing with the second-hand pinion.

"2. In a stem-setting timepiece, the combination of a gear-wheel carrying a pinion and forming a part of a dial train, a minute-hand arbor, a pinion secured to the arbor and meshing with the gear-wheel of the dial train, an hour-hand gear-wheel loose on the minute-hand arbor and meshing with

the pinion carried by the gear-wheel of the dial train, a second arbor, a pinion loose on the arbor and carrying the gear-wheel, a second-hand pinion also on the said second arbor, an intermediate gear between the pinion of the minute-hand arbor and the pinion of the second arbor carrying the gear-wheel, and a loose pinion meshing with the gear-wheel of the second arbor and carrying a gear-wheel meshing with the second-hand pinion.

"3. In a stem-setting timepiece, the combination of minute-hand arbor, a pinion secured thereto, a gear-wheel loose on the arbor, a gear-wheel meshing with the pinion of said arbor and forming part of a dial train, said gear-wheel being provided with a pinion meshing with the gear-wheel of the arbor, a setting mechanism for the said gear-wheel, a pinion carrying a second-hand, and gearing between the said pinion and the pinion on the minute-hand arbor.

"4. In a stem-setting timepiece, the combination of a gear-wheel forming a part of a dial train, a setting mechanism for the said gear-wheel, a minute-hand arbor, a pinion secured on said arbor and meshing with the gear-wheel of the dial train, an arbor, a pinion loose on the arbor and carrying a gear-wheel, a second pinion on the arbor and carrying a second-hand, an intermediate gear meshing with the first-named pinion of the said arbor and the pinion of the minute-hand arbor, and a loosely mounted pinion meshing with the gear-wheel carried by the pinion on the second arbor and carrying a gear-wheel meshing with the second-hand pinion.

"5. In a stem-setting timepiece, the combination of a gear-wheel carrying a pinion and forming a part of a dial train, a setting mechanism for the said gear-wheel, a minute-hand arbor, a pinion secured to the arbor and meshing with the gear-wheel of the dial train, an hour-hand gear-wheel loose on the minute-hand arbor and meshing with the pinion carried by the gear-wheel of the dial train, a second arbor, a pinion loose on the arbor and carrying a gear-wheel, a second-hand pinion also on the said second arbor, an intermediate gear between the pinion of the minute-hand arbor and the pinion of the second arbor carrying the gear-wheel, and a loose pinion meshing with the

gear-wheel of the second arbor and carrying a gear-wheel mesh-ing with the second-hand pinion.

"6. In a stem-setting timepiece, the combination of setting mechanism including a pinion, a gear-wheel forming a part of a dial train and with which the pinion of the setting mechanism is adapted to mesh, a pinion carried by the gear-wheel, a minute-hand arbor, a pinion secured to the arbor and meshing with the gear-wheel of the dial train, an hour-hand gear-wheel loose on the minute-hand arbor, and meshing with the pinion carried by the gear-wheel of the dial train, a second arbor, a pinion loose on the arbor and carrying a gear-wheel, a second-hand pinion also on the said second arbor, an intermediate gear between the pinion of the minute-hand arbor and the pinion of the second arbor, carrying the gear-wheel, and a loose pinion meshing with the gear-wheel of the second arbor and carrying a gear-wheel meshing with the second-hand pinion.

"7. In a stem-setting timepiece, the combination of a setting mechanism including a pinion, and a train of gearing forming a part of a dial train for operating the minute, hour, and sec-ond hands and with the first wheel of which the pinion of the setting mechanism is adapted to mesh, whereby provision is made for causing the second-hand to move at all times in unison with the minute-hand, whether the watch is running or is being set."

Upon this appeal, appellants do not appear to insist upon claims 3 and 7. Concerning claim 7, the Examiners-in-Chief remark that there is no invention in adding a setting mechanism, such as shown in the patent to Thommen, to the clock mechan-ism shown in Crook's patent. And the mechanism covered by claim 3, except for the setting mechanism, is shown in the Crook patent, and it does not appear inventive to apply a set-ting mechanism to Crook's device.

Four patents were cited as references, and the patent of Crook appeared to all the tribunals to be an anticipation of the mechanism defined in appellants' claims, for Crook's patent discloses the positive gear connection between the minute-hand and the second-hand.

Now, the Crook patent for an electric clock shows a clock in which the minute, hour, and second hands are so connected by a system of gears and pinions, substantially the same system as that of the appellants, as to cause each of the three hands to rotate at the proper speed relatively. To set any one of the hands of the clock is to set each of the other hands. The Thommen patent shows a watch with a stem-setting and winding mechanism for the minute and hour hands substantially the same as that of the appellants. In the case before us, claim 1 covers the train of gearing connecting the second and minute hands, and claim 2 covers the gearing connecting the minute-hand with the hour-hand. By inserting an additional gear and pinion wheel in a train of such wheels arranged to transmit motion the appellants have not achieved invention, and the Commissioner believes that the appellants' device possesses no particular advantage over that of Crook. The remaining claims include, in addition to the mechanism covered by claims 3 and 7, the intermediate gear and the pinion and gear-wheel as a part of the train of gearing. While the specific detail of the train of gears connecting the pinion of the minute-hand with the second-hand does not appear in the reference cited, the Patent Office tribunals are unanimous in the opinion that it required no more than the skill of a mechanic familiar with clock and watch making to provide the needed pinions and gears of proper size and the necessary number of teeth arranged in relation to each other, so as to include the mechanism within the desired dimensions. The appellants' application is not limited, and may be applied to a clock or to a watch. The opinions cited by appellants' counsel state legal propositions to which we may give our assent. None of them, however, remove the chief difficulty, which is that the particular claims before us fail to disclose invention when compared with the state of the art disclosed by the patents of Crook and Thommen. The decision of the Commissioner of Patents is hereby affirmed, and this opinion will be certified to the Commissioner of Patents in accordance with law.                    *Affirmed.*